IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| HASSAN TOUFIC BOUSSI | * | CASE NO. 04-13181-RG |
| | * | Chapter 13 |
| Debtor | * | |

\* \* \* \* \* \* \*

## MOTION FOR ORDER TO JUSTIFY ATTORNEY'S FEES

Ellen W Cosby, Trustee, files this Motion requesting an Order requiring Debtor's counsel to justify his attorney's fees and, for cause, states as follows:

1. This case was begun by the filing of the Debtor's Voluntary Petition under Chapter 13 of the Bankruptcy Code on February 11, 2004. The Debtor's Chapter 13 plan was confirmed by Order entered September 10, 2004.

2. Through the time of confirmation of the plan, the Debtor was represented in this case by attorney Robert N. Grossbart.

3. On May 16, 2005, subsequent to confirmation, Jeffrey M. Sirody entered his appearance for the Debtor and filed a Statement Pursuant to Rule 2016(b) disclosing that he charged and received from the Debtor an attorney fee of $1,500.00. The services to be provided by Mr. Sirody for the disclosed fee were described as follows:

> In return for the above disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
> a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
> b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
> c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
> d. [Other provisions as needed]
> **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

4. Given that the case had progressed past confirmation of the plan prior to the time that Mr. Sirody entered his appearance, most the services described in the Disclosure Statement that were performed in this case had actually been provided by Mr. Grossbart during the time that he represented the Debtor. The other services described in the Disclosure Statement have not been performed at all.

5    The next activity on the docket in this case after Mr. Sirody entered his appearance was in December 2005 when the Debtor filed a Motion requesting authority to refinance.  Mr. Sirody was not the attorney filing these pleadings and his appearance as attorney for the Debtor was terminated on December 8, 2008.

6.    Between May 2005 when Mr. Sirody entered his appearance and December 2005 when his appearance was terminated, no pleadings were filed in this case, no hearings were held nor was there any public activity indicating that legal services were provided to the Debtor.  The Disclosure Statement also fails to adequately describe any actual services delivered.  It is impossible to tell from Mr. Sirody's Disclosure Statement and the public record in this case what, if any, services were rendered by Mr. Sirody to the Debtor in consideration of the $1,500 fees paid by the Debtor to him.

6.    For the reasons stated, it is appropriate for counsel to justify for the Court the fees charged in the case.
.
WHEREFORE, the Trustee requests this Court to enter an order directing Jeffrey M. Sirody to justify the $1,500.00 attorneys' fees charged in this case, and to grant such other relief as is just.

DATED:  September 3, 2009          /s/ *Ellen W. Cosby*
Ellen W Cosby
Chapter 13 Trustee
P.O. Box 20016
Baltimore, MD 21284-0016
410-825-5923
inquiries@ch13balt.com

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion for Order to Justify Fees was mailed by first-class mail on  October 7, 2006 to:

Hassan Toufic Boussi
5518 Vantage Point Road
Columbia, MD  21044

Jeffrey M. Sirody, Esq
1777 Reisterstown Rd #360E
Baltimore, MD  21208

Mark A. Neal, Esquire
Assistant U.S. Trustee
Garmatz Federal Courthouse
101 W Lombard Street #2625
Baltimore, MD  21201


And was delivered electronically through ECF to:

    Christopher Tsien, Esquire.


    /s/ *Ellen W. Cosby*
    Ellen W. Cosby